# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: ) | Bky. Case No.: 09-50779 |
| ) | Chapter 7 |
| DENNIS E. HECKER, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | District Case No.: 09-3645 JRT |
| Cornerstone Bank, ) | |
| Cornerstone Holding Co, Inc., ) | |
| Blackstone Financial, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| Randall L. Seaver, Trustee, ) | |
| ) | |
| Appellee. ) | |
| ) | |

## APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

### APPELLANT'S REPLY BRIEF

Brad A. Sinclair
*SERKLAND LAW FIRM*
State Bar ID No. 0161652
10 Roberts Street
PO Box 6017
Fargo, ND 58108-6017
Telephone (701) 232-8957
Facsimile (701) 237-4049

*ATTORNEYS FOR CORNERSTONE BANK, CORNERSTONE HOLDING CO., INC., AND BLACKSTONE FINANCIAL, LLC*

# **TABLE OF CONTENTS**

**PAGE NO.**

ARGUMENT ................................................................................................1

I.    THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY APPROVING THE SETTLEMENT WITH TMCC WITHOUT CONSIDERING CORNERSTONE'S PARAMOUNT SECURITY INTEREST IN THE PROCEEDS OF THE SALE ......................................1

II.    CORNERSTONE'S APPEAL IS NOT MOOT ..........................................7

CONCLUSION .............................................................................................8

# TABLE OF AUTHORITIES

## CASES
PAGE NO.

In re Decker,
  199 B.R. 684, 685 (9th Cir. BAP 1996) ........................................................8

In re Trism, Inc.,
  282 B.R.662, 666 (8th Cir. BAP 2002)..........................................................1

Matter of Hubka,
  64 B.R. 473, 474 (Bkrtc. D. Neb. 1986) ......................................................3

Matter of Xonics Imaging Inc.,
  837 F.2d 763, 765 (7th Cir. 1988) ................................................................7

Robert E. Derecktor of Rhode Island, Inc.,
  150 B.R. 296 (Bankr. R.I. 1993). ................................................................1

## STATUTES

Minn. Stat. § 336.8-103 ........................................................................................2


## ARGUMENT

**I.   THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY APPROVING THE SETTLEMENT WITH TMCC WITHOUT CONSIDERING CORNESTONE'S PARAMOUNT SECURITY INTEREST IN THE PROCEEDS OF THE SALE.**

When a bankruptcy court determines whether a settlement is reasonable, it abuses its discretion by failing to evaluate: (1) the likelihood of success in the litigation; (2) the difficulties, if any, in collection matters; (3) the complexity of the litigation and the attendant expense, inconvenience, and delay; and (4) the paramount interest of the creditors by giving a proper deference to their reasonable views. In re Trism, Inc., 282 B.R.662, 666 (8th Cir. BAP 2002).  The bankruptcy court failed to evaluate these factors and, most importantly, the bankruptcy court did not evaluate Cornerstone's paramount interest in the proceeds of the sale.  The bankruptcy court failed to properly consider Cornerstone's objections.  The issues relating to Cornerstone's security interest could only be resolved with an evidentiary hearing with the bankruptcy court fully analyzing Cornerstone's claims.  Thus, the bankruptcy court did not give proper deference to Cornerstone's well founded objections.

Cornerstone has a security interest in general intangibles.  The bankruptcy court did not properly evaluate despite Cornerstone's well founded objections the issues relating to Cornerstone's security interest in the Debtor's general intangibles and the sweeping extent of Cornerstone's security interest in Dennis Hecker's general intangibles.  Case law is clear that Cornerstone's security interest in general intangibles extends to any funds that the Trustee receives from the sale of Hecker's interest in LLCs.

A security interest in general intangibles extends to the proceeds of a sale. In re Robert E. Derecktor of Rhode Island, Inc., 150 B.R. 296 (Bankr. R.I. 1993).

Additionally, an interest in a partnership or limited liability company is a general intangible, unless it is traded in a securities exchange or securities market or is held in a securities account, which is not the situation here. Minn. Stat. § 336.8-103. The evidence is clear that Cornerstone's security interest in general intangibles extends to any funds the Trustee receives from the sale of Dennis Hecker's interest in Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC. The evidence was clear that Dennis Hecker's ownership interests in Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC, were not traded in securities exchange or securities market or was held in a securities account. The evidence is clear that Cornerstone's interest in general intangibles extended to any funds the Trustee would receive from the sale of Dennis Hecker's ownership interest in Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC. Dennis Hecker owned in excess of 90% ownership interest in said entities. Dennis Hecker had previously filed with the court a motion for approval of the sale of the assets of Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC, in which the sale would generate $300,000.00 to the bankruptcy estate. The sale also was to generate funds to Dennis Hecker. The Bankruptcy Court approved said sale on or about October 28, 2009, because Dennis Hecker was to receive some funds from the sale. Cornerstone filed a conditional objection to the same asserting that Cornerstone did not object to the sale but placed parties on notice that any proceeds received from the sale was subject to Cornerstone's lien in Dennis Hecker's general intangible/any proceeds received from the sale of Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC. The Bankruptcy Court rejected Dennis Hecker's sale of the assets of Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC, because Dennis Hecker was to receive $100,000.00 from the

sale. Within days, the Trustee renegotiated the sale to the identical parties for almost the identical sum but masked the sale as a settlement of a preference action and not the sale of Dennis Hecker's ownership interest in Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC. Cornerstone objected asserting that the Trustee is seeking to circumvent Cornerstone's interests in the sale proceeds by now labeling the sale as a settlement of a potential preference action against Toyota Motor Credit. The Trustee has subsequently admitted in open court that the estate did not contain sufficient funds to pay the Trustee's legal fees until the Bankruptcy Court approved the sale of Dennis Hecker's interest in Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC, as a preference action.

The Trustee failed to demonstrate that a bona fide preference settlement was entered into with Toyota Motor Credit Corporation. Cornerstone's objections are well founded at the Bankruptcy Court level which the Bankruptcy Court refused to heard. The Bankruptcy Court erred by not holding an evidentiary hearing since the evidentiary hearing was necessary to determine factual issues existing relating to Cornerstone's security interests in the sale/settlement proceeds. The Bankruptcy Court masked its approval of the settlement agreement asserting that if the Trustee settled the preference action against Toyota Motor Credit Corporation for sums greater than the amount of the preference, the court held "its too good, the deal is too good". The Trustee asserted at the hearing that Toyota Motor Credit Corporation may be fully secured and asserted that a fully secured creditor still could be subject to a preference action. This contrary to case law cited. See Matter of Hubka, 64 B.R. 473, 474 (Bkrtc. D. Neb. 1986). The Trustee asserted that Hecker paid over $200,000.00 to Toyota Motor Credit Corporation and that such is a preference. The Trustee's moving papers fail to demonstrate that the

$200,000.00 of allege preference. See Tr. p. 16. Cornerstone at the hearing reiterated to the Judge that the entities in which the Trustee seeks to sell entities not in bankruptcy and thus preference statutes do not apply to entities that the Trustee sold. The preference statute only applies to the funds that Dennis Hecker actually tendered to Toyota. Those funds can only be a preference if Toyota is undersecured. There is no evidence to the same.

Despite Cornerstone's assertions at the hearing to be a true preference there has to be evidence to demonstrate the value of Toyota's collateral 90 days prior to the bankruptcy filing, value as of the date of the filing, and the payments made in between which created a preference – an increase in Toyota's position 90 days prior to the bankruptcy filing. (Tr. p. 24). Cornerstone asserted that because of the Trustee's lack of information, at this juncture to prove that the preference exists, that an evidentiary hearing should be conducted.

The Court's response so the Trustee is getting more than he deserves and it's too good of a deal. (Tr. p. 23). Cornerstone also informed the Judge that if there was $206,000.00 of preference payments tendered by Dennis Hecker, from the settlement proceeds, there is in excess of $219,000.00 that is not subject to a preference settlement and is in fact proceeds received from the sale of the assets. The Court was unimpressed. (Tr. p. 25).

The trustee recognizes that a bankruptcy court must evaluate The Four Factors to determine the reasonableness of a settlement. A review of the transcript and the bankruptcy court's order establishes that the bankruptcy court did not evaluate the mandatory Four factors in rendering its decision. The trustee also did not evaluate The

4

Four Factors. The trustee is attempting to circumvent Cornerstone's security interest in general intangibles, and the proceeds received from the sale of Dennis Hecker corporate interests in Brainerd Imports and Jacob Holdings of Baxter.

The Bankruptcy Court failed to follow case law and grant Cornerstone an evidentiary hearing to fully evaluate the issues relating to Cornerstone's security interests in the proceeds of the Trustee's sale of Brainerd Imports and Jacob Holdings of Baxter versus the Trustee's assertion that the settlement proceeds was a settlement of a preference action substantially in excess of the preference.

In order to establish a preference, the Trustee failed to file with the court evidence demonstrating:

1. The value of Toyota Motor Credit Corporation's collateral 90 days prior to the Dennis Hecker bankruptcy filing;

2. The value of Toyota Motor Credit Corporation's collateral at the time of Dennis Hecker filing for bankruptcy relief;

3. Whether Toyota Motor Credit Corporation was over secured 90 days prior to the bankruptcy filing and at the time of the bankruptcy filing;

4. The payments directly tendered by Dennis Hecker, not Dennis Hecker non-bankruptcy corporate entities, to Toyota Motor Credit Corporation.

The Trustee's moving documents fail to demonstrate that the amount that Toyota Motor Credit Corporation's indebtedness at the time of the bankruptcy filing, 90 days prior to the bankruptcy filing, value of Toyota Motor Credit Corporation's collateral at the time of the bankruptcy filing, value of Toyota Motor Credit Corporation's collateral

90 days prior to the bankruptcy filing, the amount of Dennis Hecker's alleged preference payments to Toyota Motor Credit Corporation, and whether Toyota Motor Credit Corporation is over secured any time during the 90 day preference period. In addition, the Trustee failed to demonstrate the extent of Toyota Motor Credit Corporation's lien, and assess any values to Toyota Motor Credit Corporation's lien. The Trustee also failed to explain that if the preference was $206,000.00 why Toyota Motor Credit Corporation paid double the preference and why the excess amount was not disguised as a preference in order to circumvent Cornerstone's security interest in all proceeds of the bankruptcy estate receives from the sale of Dennis Hecker's corporate interests. There was no documentation or assertions that Dennis Hecker personally had any liability to Toyota Motor Credit Corporation.

The trustee did not establish, but only contends, that Dennis Hecker personally tendered payments to TMCC during the preference period. There is no evidence demonstrating the rationale for Dennis Hecker, if he did tender payments directly to Toyota Motor Credit Corporation, benefits Dennis Hecker received. Dennis Hecker may have tendered payments directly to Toyota Motor Credit Corporation in order to seek a release of collateral when the transfer of said collateral to a third party entity.

The Trustee asserts in its brief that it is irrelevant whether TMCC was fully secured regarding a preference because the preference analysis focuses on the Debtor's assets. The Trustee cites no authority for this proposition. Indeed, the Trustee's assertion is contrary to the law, for when a creditor is fully secured ninety days before the filing of a bankruptcy petition, a preference attack cannot exist. Am. Jur. Bankruptcy § 2083.

Whether a creditor is secured or unsecured is important to the preference rules. The Court explained this in <u>Matter of Xonics Imaging Inc.</u>, 837 F.2d 763, 765 (7th Cir. 1988):

> If there were no rule against preferences, an insolvent debtor, teetering on the edge of bankruptcy and besieged by creditors, might have an incentive to buy off the most importunate of his creditors, necessarily at the expense (the debtor being insolvent) of other creditors, in the hope of keeping afloat a little longer. Knowing that the debtor might do such a thing, an unsecured creditor who sensed that a debtor might be about to go belly-up would have a strong incentive to petition him into bankruptcy so that the debtor could not deplete the assets available to pay this creditor by paying another unsecured creditor instead.

The Trustee presented no evidence as to any alleged preference between Dennis Hecker and TMCC. The Trustee sought to circumvent Cornerstone Bank's security interest in general intangibles and to do so the Trustee had to fashion the sale of the assets as a settlement of a preference with TMCC.

This Court should reverse the bankruptcy court's decision, so that the bankruptcy court can hold an evidentiary hearing to make a proper determination in this matter.

## II.     **CORNERSTONE'S APPEAL IS NOT MOOT.**

The trustee argues that Cornerstone failed to obtain a stay pending appeal and such renders this appeal moot because the sale of assets in this case has been consummated. The Trustee's argument is without merit. Case law provides when distributions have been made as a result of a sale, effective relief is awardable without a stay by requiring inappropriately distributed funds to be repaid. Am. Jur. Bankruptcy § 3794. Second, when a secured party only seeks a determination of who is entitled to the proceeds of the sale, and does not object to the sale itself, the appeal is not rendered moot

by failing to obtain a stay pending appeal. In re Decker, 199 B.R. 684, 685 (9th Cir. BAP 1996).

Cornerstone has never argued that the sale should not proceed. Cornerstone asserts it has an interest in the sale proceeds and did not object to the actual sale. If the sale proceeds have indeed been distributed at this point, and this Court determines that the sale proceeds have been improperly distributed, then this Court does have the power to fashion effective relief since the sale proceeds can be redirected to Cornerstone. Consequently, Cornerstone did not need to obtain a stay pending this appeal.

Cornerstone need not seek a stay to obtain relief. There was nothing to stay. Cornerstone did not object to the actual sale. Cornerstone simply asserted an interest in the sale proceeds. Cornerstone's appeal is not moot, and the proceeds from the Trustee's sale of Dennis Hecker's corporate assets are subject to Cornerstone Bank's security interest.

## CONCLUSION

**WHEREFORE**, Cornerstone Bank, Cornerstone Holding Company, Inc., and Blackstone Financial, Inc., hereby request that this Court remand this case for an evidentiary hearing to determine Cornerstone's security interest in the proceeds of the sale of the Hecker assets in Brainerd Imports and Jacob Holdings of Baxter and the Trustee's alleged settlement of the TMCC preference.

Dated this 2nd day of February, 2010.

/s/ Brad A. Sinclair
Brad A. Sinclair
***SERKLAND LAW FIRM***
State Bar ID No. 0161652
10 Roberts Street
PO Box 6017
Fargo, ND 58108-6017
Telephone (701) 232-8957
Facsimile (701) 237-4049
**ATTORNEYS FOR CORNERSTONE BANK, CORNERSTONE HOLDING COMPANY, INC., AND BLACKSTONE FINANCIAL, INC.**